Provided to Suwannee Correctional Institution on:

DEC 15 2022

for mailing, by: [signature]

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle/Jacksonville Division |
|---|---|
| **Name** (under which you were convicted): Tyrone John Pastures | **Docket or Case No.:** 3:22-CV-1383-TJC-LLL |
| **Place of Confinement:** Suwannee Correctional Institution | **Prisoner No.:** J14131 |
| **Petitioner** (include the name under which you were convicted) | **Respondent** (authorized person having custody of petitioner) |
| TYRONE JOHN PASTURES    v.    SECRETARY DEP'T OF CORR. | |
| The Attorney General of the State of ASHLEY MOODY | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Fourth Judicial Circuit Court, Duval County, Florida.

   (b) Criminal docket or case number (if you know): 16-2017-CF-006921-AXXX.

2. (a) Date of the judgment of conviction (if you know): January 31, 2019.

   (b) Date of sentencing: April 2, 2019.

3. Length of sentence: Thirty (30) years mandatory minimum.

4. In this case, were you convicted on more than one count or of more than one:  ☐ Yes   ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: Attempted Second Degree Murder.

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty          ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty              ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A.

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☒ Jury      ☐ Judge Only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☐ Yes      ☒ No

8. Did you appeal from the judgment of conviction?

    ☒ Yes      ☐ No

9. If you did appeal, answer the following:

(a) Name of court: First District Court of Appeal.

(b) Docket or case number (if you know): 1D19-1628.

(c) Result: Pre Curiam Affirmed.

(d) Date of result (if you know): August 28, 2020.

(e) Citation to the case (if you know): Pastures v. State, 301 So.3d 201 (Fla. 1st DCA 2020).

(f) Grounds raised:

    Appellate counsel filed an Ander Brief asserting there was no good-faith argument to be made on direct appeal, and requested an order from the court allowing Petitioner to file his own Brief. Petitioner never received the order from the First District, or had an opportunity to discuss it with counsel. Consequently, Petitioner was unable to timely prepare or file an additional Brief on the merits within the requisite time to do so.

(g) Did you seek further review by a higher state court? ☐ Yes  ☒ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

    (5) Citation to the case (if you know):

    (6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes  ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Fourth Judicial Circuit Court, Duval County, Florida.

    (2) Docket or case number (if you know): 16-2017-CF-006921-AXXX.

    (3) Date of filing (if you know): October 15, 2021.

    (4) Nature of the proceeding: Motion for Post-conviction Relief.

(5) Grounds raised:

## GROUND ONE

TRIAL COUNSEL WAS INEFFECTIVE FOR DISREGARDING DEFENDANT'S EXPRESSED DESIRE TO ADMIT HIS INVOLVEMENT IN THE INCIDENT FOR WHICH HE WAS CHARGED, AND PRESENT A DEFENSE WHICH ALLOWED HIM TO TESTIFY REGARDING THE EVENTS AS HE RECALLED THEM. COUNSEL INSTEAD CHOSE TO KNOWINGLY PRESENT A FALSE ACCOUNT OF THE INCIDENT WHICH NOT ONLY INFLAMED THE JURY INTO A PROMPT VERDICT ON THE MAXIMUM CHARGE, BUT ALSO INFLAMED THE COURT INTO A SENTENCE WHICH, INITIALLY, EXCEEDED THAT ALLOWED BY LAW.

## GROUND TWO

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE A VIDEOTAPED STATEMENT BY DEFENDANT, OBTAINED BY LAW ENFORCEMENT UNDER FALSE PRETENCES, AFTER THEY HAD LURED DEFENDANT TO FLORIDA FROM NEW YORK IN ORDER TO INDUCE INTO GIVING A STATEMENT WHICH LED TO HIS ARREST. TRIAL COUNSEL WAS, LIKEWISE, INEFFECTIVE FOR FAILING TO CHALLENGE THE DEFENDANT'S ARREST WHICH WAS THE DIRECT RESULT OF POLICE MISCONDUCT IN LURING DEFENDANT TO FLORIDA SOLELY TO DEPRIVE HIM OF HIS RIGHT TO EXTRADITION PROCEEDINGS AND TO OBTAIN A STATEMENT WHICH WOULD BOLSTER THEIR INVESTIGATION WHICH LED TO DEFENDANT'S ARREST AND CHARGES. COUNSEL'S FAILURES RESULTED IN A VIOLATION OF DEFENDANT'S DUE PROCESS RIGHT TO A FAIR TRIAL AND TO EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDS TO THE U.S. CONSTITUTION.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes  ☒ No

(7) Result: Summarily denied.

(8) Date of result (if you know): February 24, 2022.

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Fourth Judicial Circuit Court, Duval County, Florida.

(2) Docket or case number (if you know): 16-2017-CF-006921-AXXX.

(3) Date of filing (if you know): March 22, 2022.

(4) Nature of the proceeding: Motion for Rehearing.

(5) Grounds raised:

The Petitioner attempted to point out as to claim one (1) denial being in conflicted with the First District's decision in Marshall v. State, 277 So.3d 756, 758-760 (Fla. 1st DCA 2019) (. . . to determine ineffective assistance of counsel in this context is whether Defendant voluntarily agreed with his counsel not to take the stand. If that is established, the second question is whether, despite the waiver, the advice was still deficient because no reasonable attorney would have discouraged the defendant from taking the stand.) that an evidentiary hearing will be necessary to determine the second question of whether counsel's advice was deficient. (R178-185) As to claim two (2) denial, the Petitioner attempted to point to case law holding an entitlement to an evidentiary hearing for counsel's failure to file a motion to suppress when the record does not conclusively refute the allegation.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes   ☒ No

(7) Result:

As to the first denial the trial court clarified that a specific finding was being made that other reasonable attorneys could and potentially would have discouraged him from taking the stand and as to the second denial it was irrelevant whether law enforcement officers lured the Petitioner back to Florida from New York, there was no merits to his Sixth Amendment claim, because there was no merit to his Fourth Amendment claim.

(8) Date of result (if you know): March 25, 2022.

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? ☐ Yes   ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ☒ Yes    ☐ No

    (2) Second petition:    ☒ Yes    ☐ No

    (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE: TRIAL COUNSEL WAS INEFFECTIVE FOR DISREGARDING THE PETITIONER'S EXPRESSED DESIRE TO ADMIT HIS INVOLVEMENT IN THE INCIDENT FOR WHICH HE WAS CHARGED, AND PRESENT A DEFENSE WHICH ALLOWED HIM TO TESTIFY REGARDING THE EVENTS AS HE RECALLED THEM. COUNSEL INSTEAD CHOSE TO KNOWINGLY PRESENT A FALSE ACCOUNT OF THE INCIDENT WHICH NOT ONLY INFLAMED THE JURY INTO A PROMPT VERDICT ON THE MAXIMUM CHARGE, BUT ALSO INFLAMED THE COURT INTO A SENTENCE WHICH, INITIALLY, EXCEEDED THAT ALLOWED BY LAW.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Petitioner alleged he asked his trial counsel to "obtain the best plea from the State," but counsel told him that "none had been made and she wasn't to going to ask." He further alleged that although he had denied guilt during his videotaped interview with law enforcement, he subsequently told counsel he wanted to "come clean," admit what happened, and express his regret for shooting the victim. . . . He argues that he wanted to take the stand at trial, admit he overreacted, and apologize to the victim, but counsel told him that was "not happening" and that he would be crazy to confess in light of the videotaped interview. The Petitioner further alleged that counsel stated she would maintain his innocence, let the jury hear the interview, and challenge the identification evidence, which she described as "really weak." The Petitioner asserted he questioned this advice because there was a video from Popeye's, where the incident occurred, which was clear enough for him to recognize himself, and the truck shown in the video, which had distinctive dents and a tool box, was clearly his father's truck. He also knew that two witnesses had identified him from photo arrays and a tipster had identified him as the driver of the truck. He asserted that the law enforcement video, in which he claimed he was innocent, showed him displaying arrogant attitude that sealed his fate.

The state trial court essentially relied upon the colloquy between the Petitioner and the state trial court to conclude that the waiver not to testify was voluntarily entered with trial counsel's recommendation not to take the stand. This colloquy proceeded as follows:

> THE COURT: And, Mr Pastures, as you are aware, the Court has received all the evidence in this case, and the State has rested in its case in chief.
> Mr. Pastures you have a constitutional right to remain silent, that is, not to testify a witness in this case. The jurors have been informed of that right by the Court at voir dire, which was jury selection, and during the preliminary instructions And they will again be so instructed prior to deliberations should you decide not testify 1 The jurors would also be remind again that your failure to testify would not be viewed as admission of guilt and that they are not to be influenced in any way by that decision.
> I must also advise you that you have a constitutional right to testify. It is your right to testify or not testify. And no one can make that decision except for you.
> Miss Wright, for the record, have you had time to communicate with your client about the decision of whether or not he is going to testify?
> MS. WRIGHT: Yes, Your Honor.
> THE COURT: To the State, does the defendant have any prior felony conviction of crimes of dishonesty or anything like that that could be used for cross-examination?
> MS. WHEELER-SANCHEZ: Not to my knowledge, Your Honor.
> THE COURT: Okay. And at this time, do you believe your client is ready to tell me if I ask him what his decision is?
> MS. WRIGHT: Yes, Your Honor.
> THE COURT: Mr. Pastures, have you had enough time to consult with your attorney, Ms. Wright, regarding this decision of whether or not you are going to testify? Have you had enough time?
> THE DEFENDANT: I would ask for a few more minutes.
> THE COURT: You can speak to her for a few more minutes. That's fine. Okay.
> So we'll technically go into a recess so Mr. Pastures can talk to her. (Conferring with co-counsel.)
> (Short recess)
> (Defendant present).

> THE COURT: We're back on the record. All the attorneys are here. Mr. Pastures is here.
> Sir, did you have enough additional time to speak with your attorney?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And are you ready at this time to state in open court of your decision?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And are your ready at this time to sate in open court of your decision?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: And are you ready at this time to state in open court of your decision?
> THE DEFENDANT: Yes, ma'am. I would like to remain silent.
> THE COURT: Very well. You have a constitutional right to remain silent.

An evidentiary hearing was still necessary to determine whether counsel's advice was deficient. In his Motion for Post-conviction Relief the Petitioner set forth what his testimony would have been and how that testimony would have created a reasonable probability of a different outcome. The record showed the Petitioner requesting more time to consult with his counsel as to the decision to testify or not. The Petitioner's voluntariness of choosing not to testify can only be determined at an evidentiary hearing.

**(See Memorandum of Law in support of Ground One at pages 5-10)**

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A.

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion for Post-conviction Relief.

Name and location of the court where the motion or petition was filed:

Fourth Judicial Circuit Court, Duval County, Florida.

Docket or case number (if you know):  16-2017-CF-006921-AXXX.

Date of the court's decision:  February 24, 2022..

Result (attach a copy of the court's opinion or order, if available):   **Exhibit A1-**

(3) Did you receive a hearing on your motion or petition?

☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition?

☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  First District Court of Appeal.

Docket or case number (if you know):  1D22-1272.

Date of the court's decision:  October 27, 2022.

Result (attach a copy of the court's opinion or order, if available):   **Exhibit B1-3**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: None.

**GROUND TWO: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE A VIDEOTAPED STATEMENT BY THE PETITIONER, OBTAINED BY LAW ENFORCEMENT UNDER FALSE PRETENCES, AFTER THEY HAD LURED THE PETITIONER TO FLORIDA FROM NEW YORK IN ORDER TO INDUCE HIM INTO GIVING A STATEMENT WHICH LED TO HIS ARREST. TRIAL COUNSEL WAS, LIKEWISE, INEFFECTIVE FOR FAILING TO CHALLENGE THE PETITIONER'S ARREST WHICH WAS THE DIRECT RESULT OF POLICE MISCONDUCT IN LURING HIM TO FLORIDA SOLELY TO DEPRIVE HIM OF HIS RIGHT TO EXTRADITION PROCEEDINGS AND TO OBTAIN A STATEMENT WHICH WOULD BOLSTER THEIR INVESTIGATION WHICH LED TO THE PETITIONER'S ARREST AND CHARGES.**

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel was well informed that the Petitioner clearly sought refuge in New York shortly after the crime to be with his family who resided there. His intent was to remain there. As the months passed after the Popeye's incident without a word or any action by Florida law enforcement on an arrest, or any other sign that the Petitioner was a suspect, the Petitioner began to lower his guard. (R22)[1]

Trial counsel was well informed while the "blocked caller" and subsequent explanation that he needed to sign "some probation forms" sounded a little "fishy" to the Petitioner, he know he had successfully completed his probation, but in the past he had often been called in to sign one form or another. As such, the request did not appear completely out of place. (R22)

---

1   The Record on Appeal will be referred as referred on direct appeal in the First District under Case No.: 1D19-1628.

Trial counsel was well informed prior to any of the pretextual phone calls from the Jacksonville Sheriff's Office to the Petitioner in New York, an arrest warrant had already been applied for and issued on July 14, 2018, several weeks earlier. This, however, was never disclosed to the Petitioner as he was handcuffed without a word of if by Det. Williams, and transported to the Sheriff's Office to be interrogated on video. (R22)

Trial counsel was well informed in fact, Det. Williams testified that he intentionally kept the Petitioner in the dark as to his subterfuge upon luring the Petitioner from New York stating that he said nothing to the Petitioner as he handcuffed him and that he gave the Petitioner "no indication" of what was really going on. (R22)

Trial counsel was well informed upon being ushered to sit in front of cameras while handcuffed, the Petitioner still had no idea what was really happening as the detective asked him, in obvious sarcasm, if he "had a good trip" (TT 486).[2] Even as detectives began reading his Miranda Rights, the Petitioner was still clueless as he interrupted them and asked: "These are Miranda rights you're reading to me?" (TT 484). (R23)

In the pure terms of the admitted ruse employed by law enforcement to obtain the Petitioner's appearance in Florida, his recorded statement, and his arrest, it has long been held that "deception alone does not negate voluntariness," and each case must be viewed in its totality of circumstances to determine if the product of police deception – be it a consent to search on or a statement – was unlawfully obtained.

**(See Memorandum of Law in support of Ground Two at pages 11-15)**

---

2  The trial transcript will be referred as indicated in the state trial court.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion for Post-conviction Relief.

Name and location of the court where the motion or petition was filed:

Fourth Judicial Circuit Court, Duval County, Florida.

Docket or case number (if you know): 16-2017-CF-006921-AXXX.

Date of the court's decision: February 24, 2022..

Result (attach a copy of the court's opinion or order, if available): **Exhibit A1-**

(3) Did you receive a hearing on your motion or petition?

☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?

☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: First District Court of Appeal.

Docket or case number (if you know): 1D22-1272.

Date of the court's decision: October 27, 2022.

Result (attach a copy of the court's opinion or order, if available): **Exhibit B1-3**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: None.

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A.

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: The Grounds in this petition have been presented to the state courts only.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:  Regina Wright, Esq., 7724 Lem Turner Road, Jacksonville, Florida 32208.

    (b) At arraignment and plea:  (Same as (a)).

    (c) At trial:  (Same as (a)).

    (d) At sentencing:  (Same as (a)).

    (e) On appeal:  Kathleen Pafford, Assistance Public Defender, Leon County Courthouse, 301 South Monroe, Street, Suite 401, Tallahassee, Florida 32301.

    (f) In any post-conviction proceeding: *Pro se*.

    (g) On appeal from any ruling against you in a post-conviction proceeding: *Pro se*.

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

    (b) Give the date the other sentence was imposed:  N/A

    (c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any) (N/A)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on: 12/14/22 (month, date, year).

Executed (signed) on 12/14/22 (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. N/A.