**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TYRONE JOHN PASTURES,

Petitioner,

v. Case No. 3:22-cv-1383-TJC-LLL

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondent.

---

**ORDER**

This matter is before the Court on limited remand from the United States Court of Appeals for the Eleventh Circuit, which ordered this Court to determine "when [Petitioner's] notice of appeal is deemed filed." (Doc. 23 at 3). At the Court's direction, Petitioner submitted a sworn affidavit describing his efforts to file the Notice of Appeal. (Docs. 24, 26). Respondent elected not to respond to the affidavit. (Doc. 29). For the reasons set forth below, the Court finds that Petitioner filed his notice of appeal on March 19, 2026.

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). On February 10, 2026, the Court denied the Petition and dismissed the case with prejudice. (Doc. 19). Judgment was entered the next day. (Doc. 20). Thus, the deadline to appeal was March 13, 2026. See Fed. R. App. P. 4(a)(1)(A).

Petitioner filed a Notice of Appeal that includes a signed certificate of service stating that he delivered it to prison officials for mailing on March 11, 2026. (Doc. 21). However, the Notice of Appeal and the envelope in which it was mailed contain stamps from Gulf Correctional Institution reflecting that Petitioner delivered the Notice to prison officials on March 19, 2026. (Id.; Doc. 21-1).

Faced with these conflicting dates, the Eleventh Circuit asked the parties to address "whether there is a factual question regarding the date on which [Petitioner] delivered his notice of appeal to prison officials for mailing, such that this Court should remand the case to the district court for a determination of when it is deemed filed." Pastures v. Sec'y, Dep't of Corr., No. 26-10921, Doc. 4 (11th Cir. Apr. 16, 2026). Respondent argued that the March 19 stamps rebutted the presumption that the Notice of Appeal was filed on March 11. (Doc. 23 at 2). Thus, according to Respondent, the Notice of Appeal should be deemed filed on March 19, making the appeal untimely. (Id.) Petitioner stated that he "filed" the Notice of Appeal on March 11, but he also claimed that he was unable to mail it until March 19 because of a prison-wide lockdown. (Id.)

The Eleventh Circuit found that these "inconsistencies" were "sufficient to raise a factual question as to when [Petitioner] delivered his notice of appeal to prison officials for mailing." (Id. at 3). Thus, the Eleventh Circuit remanded the case to this Court for the "limited purpose" of determining when the Notice

of Appeal "is deemed filed." (Id.)

"Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted). This "brightline rule" "applies to pro se prisoner litigants because a prisoner necessarily loses control of his filing when he delivers it to prison authorities." Id. "Absent evidence to the contrary, [courts] assume that a prisoner delivered a filing to prison authorities on the date that he signed it." Id. This presumption may be rebutted by "prison logs or other records" that "contradict the signing date." Id. (internal quotation marks omitted).

Petitioner's affidavit resolves the discrepancy identified by the Eleventh Circuit. In his affidavit, Petitioner states that he obtained a Notice of Appeal from the prison law clerk on March 11, signed it, and waited for the "legal mail callout." (Doc. 26 at 1). Before the callout, a lockdown required "all inmates . . . to return to their dormitories." (Id.) According to Petitioner, the lockdown continued through March 18, and staff did not "collect outgoing legal mail" during that period. (Id.) Petitioner states that "[a]fter the lockdown was lifted," he "went to legal mail on the 19th of March and mailed the notice to this Court." (Id. at 2). To support his version of events, Petitioner submits a grievance response from his facility's law librarian, who confirmed that the facility was on lockdown during the relevant period. (Doc. 26-1).

In short, according to Petitioner's sworn account, he signed the Notice of Appeal on March 11 but was unable to submit it to prison officials for mailing until March 19. (Doc. 26 at 1–2). This sequence of events is corroborated by the prison date stamps, which indicate that Petitioner delivered the Notice of Appeal for mailing on March 19. (Doc. 21; Doc. 21-1). Notably, Respondent offers no evidence to rebut Petitioner's version of events. (Doc. 29). Thus, Petitioner's sworn statements and the date stamps are sufficient to overcome the presumption that he delivered the Notice of Appeal on the signature date of March 11. See Jeffries, 748 F.3d at 1314. Instead, the Court finds that Petitioner submitted the Notice of Appeal to prison officials for mailing on March 19, 2026. Under the prison mailbox rule, the Notice of Appeal is deemed filed on that later date.* See Allen v. Culliver, 471 F.3d 1196, 1198 (11th Cir. 2006) ("[A] pro se prisoner's [notice of appeal] is deemed filed in federal court on the date it is delivered to prison authorities for mailing.").

Accordingly, it is

**ORDERED**:

1. The Court **FINDS** that Petitioner's Notice of Appeal is deemed filed on March 19, 2026, the date he delivered it to prison officials for mailing.

* Petitioner argues that "[t]here was nothing I could do to mail the notice of appeal timely to this Court. The situation was unforeseen and the late filing was not a result of my actions." (Doc. 26 at 2).

2. The Clerk is **DIRECTED** to return the record, supplemented with all docket entries related to the limited remand (Docs. 24 through 30), to the Eleventh Circuit.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of October, 2026.

Timothy J. Corrigan
TIMOTHY J. CORRIGAN
Senior United States District Judge

TpaP-2
c:
Tyrone John Pastures, #J14131
Counsel of Record
United States Court of Appeals for the Eleventh Circuit